No.  15-30208

# In the United States Court of Appeals
# for the Fifth Circuit

———————————————

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

SOFJAN LAMID,
*Defendant-Appellant*

———————————————

Appeal from the United States District Court
for the Middle District of Louisiana

———————————————

## INITIAL BRIEF OF DEFENDANT-APPELLANT

———————————————

AJUBITA, LEFTWICH & SALZER, L.L.C.
JAMES A. COBB, JR. (LSBA #4213)
A. ALBERT AJUBITA (LSBA #2361)
JASON R. ANDERS (LSBA #26171)
1100 Poydras Street, Suite 1500
New Orleans, Louisiana 70163
Phone: (504) 582-2300
Fax:   (504) 582-2310
Attorneys for Defendant-Appellant

## ORAL ARGUMENT REQUESTED

## <u>CERTIFICATE OF INTERESTED PERSONS</u>

The number and style of the case in the court below is as follows: *United States of America v. Sofjan Lamid*, criminal action number 3:10CR00060-002, in the United States District Court for the Middle District of Louisiana. The undersigned counsel of record certifies that the following listed persons have an interest in the outcome of this case. These representations are made in order that the Judges of this Court may evaluate possible disqualifications or recusal.

| | |
|---|---|
| **District Judge:** | The Honorable James J. Brady |
| **Magistrate Judge:** | The Honorable Christine Noland |
| **Appellant:** | Rudy S. Lamid |
| **Defense Counsel:** | James J. Cobb, Jr.<br>A. Albert Ajubita<br>Jason R. Anders |
| **United States Attorney for the Middle District of Louisiana:** | J. Walter Green |
| **Assistant U.S. Attorney:** | James P. Thompson |

/s/Jason R. Anders
**Jason R. Anders**

## STATEMENT REGARDING ORAL ARGUMENT

Undersigned counsel believes that oral argument would materially assist this Court in its review of the issues and help resolve any questions of fact or law arising from the underlying proceedings.

# TABLE OF CONTENTS

PAGE

CERTIFICATE OF INTERESTED PERSONS ........................................................ i

STATEMENT REGARDING ORAL ARGUMENT ............................................... ii

TABLE OF AUTHORITIES ................................................................................ iv

STATEMENT OF JURISDICTION ...................................................................... vi

STATEMENT OF THE ISSUE PRESENTED FOR REVIEW ........................... vii

STATEMENT OF THE CASE ................................................................................ 1

SUMMARY OF THE ARGUMENT ....................................................................... 3

ARGUMENT ........................................................................................................... 4

      I.     The district court erred in holding that Claimant had
           no authority to assert the claim .................................................................. 4

      II.    The district court erred when it failed to allow an
           amendment of the claim ............................................................................ 9

      III.   The district court erred by allowing the forfeiture of
           Mrs. Lamid's property interest .............................................................. 11

CONCLUSION ...................................................................................................... 16

CERTIFICATE OF FILING AND SERVICE ....................................................... 18

CERTIFICATE OF COMPLIANCE .................................................................... 19

# TABLE OF AUTHORITIES

## FEDERAL CASES

Page(s)

*Bennis v. Michigan*, 516 U.S. 442 (1996) ...................................................... 13, 15-16

*Booth v. Bank of England,* 7 Clark & F. 509 .................................................... 11, 13

*Matter of Malone Properties, Inc.*, CIV. A. S92-0375(R),
1992 WL 611457 (S.D. Miss. Nov. 5, 1992) ........................................................ 11

*United States v. Aitken*, No. 2:09-CR-0097,
2010 WL 2951171 (D. Nev. July 22, 2010 ............................................................ 7

*United States v. Burge*, 829 F. Supp.2d 664 (C.D. Ill. 2011) ................................... 6

*United States v. Clark*, 617 F.2d 180 (9th Cir. 1980) .............................................. 4

*United States v. Edwards*, No. 06–50127–01, 2007 WL 2088608
(W.D. La. July 20, 2007) .......................................................................................... 5

*United States v. Ginn*, 799 F. Supp. 2d 645 (E.D. La. 2010) ................................... 6

*United States v. Gore,* 636 F.3d 728 (5th Cir.2011) ............................................... vii

*United States v. Holy Land Found. for Relief & Dev.*,
722 F.3d 677 (5th Cir.2013) .................................................................................... vii

*United States. v. Jimerson,* 5 F.3d 1453 (11th Cir. 1993) .................................. 14-16

*United States v. Klemme*, 894 F. Supp. 2d 1113 (E.D. Wis. 2012) .......................... 7

*United States v. King*, No. 3:06-CR-212-J-33MCR,
2009 WL 2525560 (M.D. Fla. Aug. 17, 2009) ....................................................... 7

*United States v. Lester*, 85 F.3d 1409 (9th Cir. 1996) ...................................... 14-17

*United States v. Speed Joyeros, S.A.*, 410 F. Supp. 2d 121
(E.D.N.Y. 2006) ....................................................................................... 9

*United States v. Ward*, No. CRIM. A. 07-30013-01, 2007 WL 2993870
(W.D. La. Oct. 11, 2007).................................................................... 9, 11

*United States v. Wellington*, No. 4:05 CR 544, 2007 WL 81848
(N.D. Ohio Jan. 8, 2007) ......................................................................... 6

## FEDERAL STATUTES

18 U.S.C. § 3231 .............................................................................. vi

21 U.S.C. §853 ........................................................................... *passim*

28 U.S.C. § 1291 ................................................................................ vi

## STATE STATUES AND CODE ARTICLES

Louisiana Civil Code article 389 .............................................................. 1

Louisiana Civil Code article 392 .............................................................. 8

Louisiana Code of Civil Procedure article 4262 ...................................... 8

Louisiana Code of Civil Procedure article 4566 ...................................... 8

## RULES

Federal Rule of Appellate Procedure 4(b) .............................................. vi

Federal Rule of Appellate Procedure 32(a)(7)...................................... 19

## **STATEMENT OF JURISDICTION**

The district court had jurisdiction over this federal criminal case pursuant to 18 U.S.C. § 3231.  The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1291, as this is an appeal from a final judgment of the United States District Court for the Middle District of Louisiana.

The district court's judgment was entered on February 25, 2015. (ROA.882) Lamid timely filed his notice of appeal on March 5, 2015, in compliance with Federal Rule of Appellate Procedure 4(b).  (ROA.914)

## **STATEMENT OF THE ISSUE PRESENTED FOR REVIEW**

The issues in this case involve a criminal forfeiture of substitute property pursuant to 21 U.S.C. § 853 and the rights of an innocent spouse to object to the forfeiture. As set forth below, the legal questions are: 1) whether the undercurator of an incompetent, innocent-spouse interdict, who has since become the succession representative for the now-deceased interdict, may act pursuant to a power of attorney to object to the forfeiture of property; 2) whether the district court should allow an amendment to revise a claim that this clearly not false or frivolous; and, 3) whether the district court erred by determining that Mrs. Lamid's property is subject to seizure.

The district court's interpretation and application of 21 U.S.C. § 853 is subject to de novo review. *United States v. Holy Land Found. for Relief & Dev.*, 722 F.3d 677, 683 (5th Cir.2013) (citing *United States v. Gore,* 636 F.3d 728, 730 (5th Cir.2011).

## STATEMENT OF THE CASE

This matter involves the conviction and subsequent forfeiture order issued against Dr. Sofjan Lamid ("Dr. Lamid"). Dr. Lamid was charged and convicted in the district court of conspiracy and fraud violations on August 16, 2011. Claimant, Rudy Lamid ("Claimant"), is the son of Dr. and Mrs. Lamid, both of whom are deceased. Claimant is acting in his capacity as former undercurator for, and currently executor for the estate of his late mother, Mrs. Burlini T. Lamid. At all times relevant to this matter, Mrs. Lamid was an interdict with Dr. Lamid and Claimant appointed by the Twenty-fourth Judicial District Court for the Parish of Jefferson, State of Louisiana, as her respective curator and undercurator. (ROA.850) Mrs. Lamid's Judgment of Interdiction, which was rendered on November 2, 2000, clearly states that Mrs. Lamid was incapable of taking care of her person and administering her estate. *Id*. Accordingly, her interdiction constituted a full interdiction pursuant to Louisiana Civil Code article 389. Mrs. Lamid's interdiction was not rescinded before her death.

Pursuant to his role as curator, Dr. Lamid, on February 16, 2012, executed a power of attorney, in which he delegated to Claimant all decisions, medical/financial, to be made regarding Mrs. Lamid. (ROA.642) That power of attorney was notarized by Dr. Lamid's then counsel, Martin Regan. In the same

power of attorney, Dr. Lamid also delegated to Claimant all decisions, medical/financial, regarding Dr. and Mrs. Lamid's disabled son, Dickey S. Lamid.

Pursuant to this power of attorney, Claimant filed, on May 4, 2012, a Verified Notice of Claim and Application for Adjudication of Validity of Interest in Forfeited Property on behalf of his interdicted mother. (ROA.630)  During the pendency of these proceedings, both Dr. and Mrs. Lamid have passed.  Accordingly, any claims Mrs. Lamid had against the Government are now owned by Mrs. Lamid's estate, the Representative of which is Claimant, and the sole beneficiaries are Claimant and his disabled brother, Dickey S. Lamid.  Despite these facts, the Government filed a Motion to Dismiss in the district court, incorrectly alleging that Mrs. Lamid's Verified Notice of Claim was improperly executed – disregarding Claimant's ability to act on behalf of his interdicted mother.

The Government's motion to dismiss was granted by the district court on February 24, 2015 (ROA.882), and Claimant filed a timely Notice of Appeal on March 5, 2015 (ROA.914).

## SUMMARY OF THE ARGUMENT

The district court erred when it determined that Claimant-Appellant, Rudy Lamid, acting pursuant to a valid power of attorney, did not have authority to assert a claim contesting a forfeiture of property on behalf of his interdicted, incompetent mother.  Also, it was error for the district court to refuse to allow an amendment of the claim when Claimant is now the succession representative for his mother's estate and would clearly have authority to submit the claim.  The district court's error is evident considering the fact that this is neither a false nor frivolous claim, but rather one that affects the interest on an innocent spouse with an unquestioned property interest at stake. Furthermore, it was error for the district court to allow the forfeiture in this case because Mrs. Lamid has a protected community property interest in the forfeited property and that property should not be subject to forfeiture because she had no involvement in any criminal activity.

## **ARGUMENT**

I. **The District Court erred in holding that Appellant had no authority to assert the claim.**

In the District Court's Ruling, dated February 24, 2015, the court wrote that "the Government's arguments to dismiss the claims as originally filed because they were filed without authority are supported, even assuming the facts in the petition are true." (ROA.885) The District Court's position with regard to the authority of Claimant ignores several important points, including the distinction between the capacity to execute a power of attorney and the capacity to assist defense counsel in a federal criminal trial. Much of the Government's arguments in the court below focused on the capacity of Dr. Lamid to execute the power of attorney in light of the fact that he was found by the district court to be incapable of assisting his defense counsel in the federal criminal trial. However, a finding that a defendant lacks the ability to properly assist in his defense has no bearing on whether that defendant is properly able to execute a power of attorney. See *United States v. Clark*, 617 F.2d 180, 184 n. 5 (9th Cir. 1980) ("The determination of legal competency by a federal court is limited to the purposes of a criminal trial in that court. It has no general effect outside those criminal proceedings."). Even though the district court found Dr. Lamid mentally unable to assist with his defense, such a finding did not deprive Dr. Lamid of his capacity to execute juridical acts on his behalf, or on behalf of Mrs.

Lamid.  The ruling relating to Dr. Lamid's inability to assist with his defense should have had no bearing on the validity of the power of attorney.

That is only one of several issues that apparently factored into the district court's decision on the motion.  The Government's Motion to Dismiss was primarily based on Title 21 U.S.C. § 853(n)(3).  Section 853(n)(3) states:

> The [claim] shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

As cited by the Government in the court below, courts have held that the "signing under penalty of perjury" provision requirement is more than a formality, and that the provision has been strictly construed.  However, the reason for strictly construing the provision is to discourage the filing of false or frivolous claims.  *United States v. Edwards*, No. 06–50127–01, 2007 WL 2088608, at *2 (W.D. La. July 20, 2007).

In this case, the claim is not false or frivolous.  The claim complied with every provision of § 853 with the lone possible exception being the "signed by petitioner under penalty of perjury" requirement.  The Government recognized this and therefore did not assert that the claim failed to set forth the nature and extent of Mrs. Lamid's rights.  Nor was there any assertion by the Government that Mrs. Lamid's claim failed to specify the circumstances of her acquisition of the subject

property or additional facts to support her claims. Similarly, there was no assertion that Mrs. Lamid did not possess title, rights, or interest in the subject property. Accordingly, there was not, nor could there have been, any assertion by the Government that Mrs. Lamid's claim is false or frivolous.

The Government therefore focused its efforts on whether Mrs. Lamid, <u>who was incompetent and interdicted</u> at the time of the filing of the claim, *personally* signed her claim. The Government focused on this despite the existence of the power of attorney in which Mrs. Lamid's husband and curator, Dr. Lamid, delegated his rights to act on Mrs. Lamid's behalf to their son, Claimant.

Courts examining § 853(n)(3) have been hesitant to rely solely on the "signed by petitioner under penalty of perjury" requirement to dismiss forfeiture claims. In fact, none of the cases cited below by the Government rely solely on that factor. See *United States v. Ginn*, 799 F. Supp. 2d 645, 647 (E.D. La. 2010) (dismissing two petitions due to the failure to satisfy the "signed by petitioner under penalty of perjury" requirement and because the petitioners failed to state sufficient facts regarding the nature of their claims, as required § 853); *United States v. Wellington*, No. 4:05 CR 544, 2007 WL 81848, at *1 (N.D. Ohio Jan. 8, 2007) (stating the claims warranted dismissal for failure to meet the statutorily mandated pleading requirements of 21 U.S.C. § 853(n)(3) and the 30 day period of limitations set forth in 21 U.S.C. § 853(n)(2)); *United States v. Burge*, 829 F. Supp. 2d 664, 667 (C.D.

Ill. 2011) (dismissing claims due to the failure to satisfy the "signed by petition under penalties of perjury" language and the inclusion of statements in the claims which were inconsistent with petitioner's prior statements); *United States v. Klemme*, 894 F. Supp. 2d 1113, 1117 at fn 7 (E.D. Wis. 2012) (holding that failure to satisfy the "signed by petition under penalties of perjury" requirement may have been overlooked if it were not for other deficiencies in the claim including a) failure to clarify petitioner's standing; b) failure to allege a legal right, title, or interest vested in the property; and c) the inclusion of claims contradictory to petitioner's prior statements); *United States v. Aitken*, No. 2:09-CR-0097, 2010 WL 2951171, at *2 (D. Nev. July 22, 2010) (dismissing claims due to the failure to satisfy the "signed by petition under penalty of perjury" language and the failure to set forth petitioner's interest in the subject property); *United States v. King*, No. 3:06-CR-212-J-33MCR, 2009 WL 2525560, at *2 (M.D. Fla. Aug. 17, 2009) (dismissing claims because petitioner failed to comply with the "signed by petition under penalty of perjury" language and failed to establish a legal interest in the funds under 21 U.S.C. § 853(n)(6)).

The Government argued below that the power of attorney in question conveyed "no rights whatsoever to anyone" because Mrs. Lamid was not reflected as the "'Appearer'" or otherwise as a principal who bestowed any right upon Rudy Lamid." (ROA.809). In November of 2000, Dr. Lamid was named curator for his

fully interdicted wife, Mrs. Lamid.  At that time, Mrs. Lamid no longer possessed the capacity or rights to make any juridical acts, including acts purporting to create, modify, transfer, or extinguish rights and obligations, whether personal or real.  La. C.C. art. 395, *cmt. (c)*.  Also included in the definition of juridical acts is <u>any lawful volitional act intending to have legal consequences</u>.  A power of attorney falls within this definition.  Accordingly, Mrs. Lamid lacked the capacity to execute any power of attorney and, to the extent the Ruling in the court below was based on Mrs. Lamid failing to sign as the "Appearer", the Ruling should be reversed.

Although Mrs. Lamid lacked the capacity to execute juridical acts, those rights were assumed by Dr. Lamid.  As curator, Dr. Lamid was appointed to represent Mrs. Lamid in juridical acts and to care for her person and affairs.  La. C.C. art. 392.  He was also tasked with preserving all of Mrs. Lamid's claims and property.  La. C. Civ. P. arts. 4262 and 4566.  More importantly, he had a responsibility to act <u>at all times</u> as Mrs. Lamid's prudent administrator and act in her best interest while exercising reasonable care, diligence, and prudence.  La. C.C. art. 392; La. C. Civ. P. art. 4262.

Pursuant to his authority and his responsibility to act in Mrs. Lamid's best interest, Dr. Lamid exercised reasonable care in delegating all of his rights to act on behalf of Mrs. Lamid's to their son, Rudy S. Lamid.  There is no doubt that Dr. Lamid's execution of the power of attorney was in Mrs. Lamid's best interest as this

delegation of rights ultimately allowed Mrs. Lamid's claims to be presented to this court by Claimant.  Additionally, Rudy Lamid, as undercurator, acted in the best interest of his incompetent and incapacitated mother, given the limited timeframe within which a claim may be filed.  Accordingly, the district court erred by finding that Claimant lacked authority to assert the claim, and by granting the Government's Motion to Dismiss on that basis.

## II.     The District Court erred when it failed to allow an amendment of the claim

Courts have instead recognized that where a claim has satisfied the other requirements of § 853 but simply was not signed under penalty of perjury by the petitioner, the claim can "easily be corrected by an amended claim."  See *United States v. Ward*, No. CRIM. A. 07-30013-01, 2007 WL 2993870, at *2 (W.D. La. Oct. 11, 2007) (stating petitioners' failure to sign under penalty of perjury could be easily corrected by amendment since there was no indication that the petitioners were asserting frivolous claims).  More importantly, in a case where the court considered the appropriateness of claims signed on behalf of <u>competent</u> individuals pursuant to notarized power of attorney documents, the court stated it would have permitted the petitioners to satisfy the procedural requirements of § 853(n)(3) "were it not for the fact that their claims must fail on the merits."  *United States v. Speed Joyeros, S.A.*, 410 F. Supp. 2d 121, 124 (E.D.N.Y. 2006).

Claimant asserts that this Court should be persuaded by the clear guidance set forth in the aforementioned cases.  This is not a matter where the claim fails to satisfy the other provisions of § 853 or where the veracity of the claim is at issue. To the contrary, this is a matter that involves a claim made by an interdicted spouse in an effort to save her community property interests from forfeiture due to acts committed by her husband.  More importantly, this is a matter that would cause no prejudice to the Government had the district court allowed such an amendment.  The Government has known from the outset of these proceedings that Claimant filed the claim on behalf of his interdicted mother.  Despite this knowledge, the Government entered into a partial settlement agreement regarding the disposition of certain assets included in Mrs. Lamid's claim.  That settlement agreement was approved by the district court on July 2, 2012.  (ROA.669) This settlement took place while Mrs. Lamid was still alive, but in the same mental competency state as she was at the time of the filing of her claim just two months prior. Considering the Government's partial settlement of the claim, this Court should find that the Government waived any right to object to the validity of Mrs. Lamid's claim.  It is disingenuous for the Government to negotiate and settle part of a claim, then reverse course and argue that the claim itself is invalid.

Further, there is no question that the same person who executed Mrs. Lamid's verified claim is undoubtedly the same person that would have to *personally* execute any claim made on behalf of her today – Rudy S. Lamid, the Representative of Mrs. Lamid's estate. Given these facts, combined with the fact that Mrs. Lamid's claims are not false or frivolous, and that all of the other requirements of § 853(n)(3) have been satisfied, the district court should have allowed an amendment of the claim to meet the statutory provisions of § 853(n)(3). See *United States v. Ward*, No. CRIM. A. 07-30013-01, 2007 WL 2993870, at *2 (W.D. La. Oct. 11, 2007).

## III.  The district court erred by allowing the forfeiture of Mrs. Lamid's property interest.

Notwithstanding the foregoing errors committed by the district court, it was legal error for the district court to allow the forfeiture of Mrs. Lamid's property. Years ago, courts acknowledged that "whatever is prohibited by law to be done directly, cannot legally be effected by an <u>indirect and circuitous contrivance</u>." *Booth v. Bank of England,* 7 Clark & F. 509; *accord, Matter of Malone Properties, Inc.*, CIV. A. S92-0375(R), 1992 WL 611457, at *5 (S.D. Miss. Nov. 5, 1992). In *Booth,* a bank employee was directed to handle funds that the bank itself was prohibited from so handling. Accordingly, this indirect action was struck down as an impermissible "circuitous contrivance."

The matter at bar presents the same impermissibly circuitous attempt to use state law to achieve what federal law forbids. Here, the Government is prohibited from directly taking Mrs. Lamid's interest in the property in question. Under subsection (a) of 21 U.S.C. § 853, property linked directly to the defendant's criminal activities is subject to direct forfeiture.[1] Subsection (p) of §853 authorizes forfeiture of "substitute" property of the defendant, <u>if</u> he has caused the property described in subsection (a) to be unlocatable or otherwise unavailable.[2] The plain language of the statute establishes the scope of forfeiture to "property of the defendant" – *i.e.,* not property of his innocent spouse. *See* 21 U.S.C. § 853(p)(2). Moreover, the property sought by the Government does not satisfy the predicate conditions for substitute property, as is evident by the fact that Mrs. Lamid acquired her community property interest in the subject property long before Dr. Lamid

---

[1] 21 U.S.C. 853 (a) describes the three types of a criminal defendant's property subject to forfeiture: "(1) any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation; (2) any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation; and (3) in the case of a person convicted of engaging in a continuing criminal enterprise in violation of section 848 of this title, the person shall forfeit, in addition to any property described in paragraph (1) or (2), any of his interest in, claims against, and property or contractual rights affording a source of control over, the continuing criminal enterprise."

[2] 21 U.S.C. 853(p)(1) states in its entirety: "Paragraph (2) of this subsection shall apply, if any property described in subsection (a), as a result of any act or omission of the defendant – (A) cannot be located upon the exercise of due diligence; (B) has been transferred or sold to, or deposited with, a third party; (C) has been placed beyond the jurisdiction of the court; (D) has been substantially diminished in value; or (E) has been commingled with other property which cannot be divided without difficulty."

engaged in any criminal activity – *i.e.,* it is not directly linked to Dr. Lamid's crime. Clearly, the property in question does not satisfy the criteria of *either* subsection (a) nor (p), and is therefore not directly subject to forfeiture under federal law.

Nor is the property subject to forfeiture under the indirect route urged by the Government – exactly the sort of "circuitous contrivance" forbidden by our system of justice. *Booth v. Bank of England, supra.* The case of *U.S. v. Lester*, 85 F.3d 1409 (9th Cir. 1996) is directly on point. In *Lester,* the court of appeal ruled that the Government can <u>not</u> use the "substitute property" provision in the federal criminal forfeiture statute, 21 U.S.C. § 853(p), to seize an innocent spouse's interest in community property to satisfy the forfeiture obligations of the guilty spouse, and that it is legal error to rely on state law to support such a reach not so authorized by federal law. *Lester* explained the interplay between state and federal law on this issue: "<u>ownership interests are defined under state law, however, the federal forfeiture statutes determine whether those property interests must be forfeited to the Government.</u>" *Lester*, 85 F.3d at 1412 (emphasis supplied). Further, a "criminal forfeiture is an *in personam* judgment *against a person convicted of a crime.*" *Id.* at 1413 (emphasis in original, internal citations omitted). Thus, criminal forfeiture of substitute assets is available against a defendant, but not against a third party. *Id.* If it were otherwise, then forfeiture could be "more like a roulette wheel employed to raise revenues from innocent but hapless owners." *Id.,* quoting *Bennis v. Michigan*,

516 U.S. 442, 456-57 (1996).  For those reasons, the court of appeal ruled that it was error to rely on state law to determine forfeiture eligibility, and held that: "the federal statute and case law determines the permissible reach of section 853 and makes clear that that reach does not extend to the community property interest of an innocent spouse in substitute property."  *Lester,* 85 F.3d at 1413.

*Lester* is in accord with other cases ruling that the innocent spouse's one-half interest in the subject property is not forfeitable.  For example, in *U.S. v. Jimerson,* 5 F.3d 1453 (11th Cir. 1993), the court ruled that the judgment of forfeiture did *not* affect the innocent spouse's interest in the residence – *even though the Jimerson home had been the scene of the guilty husband's crime*.   These holdings are consistent with section 853(n)(6)(A), which provides that a third-party claiming an interest in the property may render the order of forfeiture invalid in whole or in part if the right, title, or interest in the forfeited property was vested in the third party rather than the defendant at the time of the commission of the acts which gave rise to the forfeiture.  *Lester,* 85 F.3d at 1412-13 (internal quotations omitted).

Here it is undisputed that Dr. Lamid and Mrs. Lamid were married, and a community of acquets and gains existed between them pursuant to Louisiana law.  It is further undisputed that Mrs. Lamid was innocent of any wrongdoing, and that Dr. Lamid alone was the criminal defendant convicted of certain federal crimes.  Moreover, it is undisputed that the purpose of section 853 "is not to divest innocent

persons of their legitimate interests in property." *Lester,* at 1415, quoting *U.S. v. Tanner,* 853 F.Supp. 190 (W.D.Va. 1994). Therefore, to the extent that federal law provides for the forfeiture of assets, such forfeiture is limited to "the property of the defendant" – Dr. Lamid alone. *Lester,* 85 F.3d at 1415, *Jimerson,* 5 F.3d at 1454. All property interest of Mrs. Lamid – community or otherwise – is simply not subject to forfeiture because: (1) state law determines ownership interests, but does not determine whether those interests are subject to a federal forfeiture action; (2) federal law alone determines the permissible reach of section 853, and the plain language of the statute, along with settled legal principles to protect the innocent, establishes that 21 U.S.C. § 853 authorizes forfeiture of property of the criminal defendant only – not innocent third parties like Mrs. Lamid; (3) where the property subject to forfeiture is not connected in any way to the guilty spouse's criminal activities, as here, it is "even clearer that only the property interest of the defendant" is subject to forfeiture *Lester*, 85 F.3d at 1415, *see also, Jimerson,* 5 3d at 1453, *Bennis,* 516 U.S. at 456-57.

The United States Congress established what the Government may directly forfeit: certain property of the criminal defendant – *but never the property of innocent third parties.* 21 U.S.C. § 853(a), (n), (p). Neither may the Government accomplish that prohibited objective of seizing an innocent person's property by indirect means based on state law. *Lester,* 85 F.3d at 1414. The undisputed purpose

of §853 is "not to divest innocent persons of their legitimate interest in property." *Id., citing Tanner,* 853 F.Supp. at 197. Mrs. Lamid's community property interest is undisputed as just such a legitimate interest. Further, Mrs. Lamid's innocence is undisputed. Therefore, under the plain language of the statute, 21 U.S.C. § 853, and the clear holdings of the U.S. Supreme Court and multiple Federal Circuits, it is clear that the Government may not execute an *in personam* judgment against criminal defendant Dr. Lamid by reaching Mrs. Lamid's community property interest either directly by federal law or indirectly by state law. *Lester*, 85 F.3d at 1415, *Jimerson,* 5 F.3d at 1453, *Bennis,* 516 U.S. at 456-57.

## **CONCLUSION**

Claimant, acting in the best interest of his interdicted mother, filed a claim on Mrs. Lamid's behalf to protect Mrs. Lamid's interests in property owned jointly by her and her convicted husband, Dr. Lamid. Claimant was delegated the authority and capacity to file this claim from Mrs. Lamid's curator pursuant to a valid power of attorney. The Government recognized this authority and agreed to settle certain portions of the claim, which settlement was authorized by this Court. Without alleging any prejudice or defects in the claim other than Mrs. Lamid's failure to *personally* execute the claim under penalty of perjury, the Government sought dismissal of Mrs. Lamid's claim and the district court granted that motion. Claimant-Appellant submits that it was clear error for the district court to grant the

Government's Motion to Dismiss on the basis that Claimant lacked authority to file the claim.

Additionally, the district court erred by refusing to allow an amendment of the claim. The claim is neither false nor frivolous, and Claimant is now acting in the capacity as the succession representative of his deceased mother. There would be no prejudice to the Government by allowing the amendment, and the objections raised by the Government in the court below can easily be cured by an amendment. Accordingly, the district court should have allowed Claimant to amend the claim.

Finally, notwithstanding the errors set forth above, it was error for the district court to allow the forfeiture of the community property at issue. Mrs. Lamid has an undisputed ownership interest in the forfeited property and was an innocent spouse who had been interdicted since 2000. The district court should have applied the same reasoning as the court in Lester and held that, regardless of the authority issues, the property in question was not subject to forfeiture.

WHEREFORE, Claimant-Appellant, Rudy Lamid, in his capacity as former undercurator for, and currently executor for the estate of his late mother, Mrs. Burlini T. Lamid, prays that the Ruling of the district court be reversed, and that the Government's Motion to Dismiss Verified Notice of Claim and Application for Adjudication of Validity of Interest in Forfeited Property be denied.

Respectfully submitted,

**AJUBITA, LEFTWICH & SALZER, L.L.C.**

/s/Jason R. Anders
JAMES A. COBB, JR. (LSBA #4213)
A. ALBERT AJUBITA (LSBA #2361)
JASON R. ANDERS (LSBA #26171)
1100 Poydras Street, Suite 1500
New Orleans, Louisiana 70163
Phone: (504) 582-2300
Fax:   (504) 582-2310
Attorneys for Defendant-Appellant

## <u>CERTIFICATE OF FILING AND SERVICE</u>

I, Jason R. Anders, hereby certify that on April 28, 2015, I electronically filed the foregoing brief using the Court's ECF system.  Opposing counsel has therefore been served pursuant to Fifth Circuit Rule 25.2.5.

/s/Jason R. Anders
**Jason R. Anders**

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Rule 32(a)(7) of the Federal Rules of Appellate Procedure, the undersigned certifies this brief complies with the page limitation announced in Rule 32(a)(7)(A), because it does not exceed 30 pages in length, and with the type-volume limitations because it contains 4,007 words.

This brief complies with the typeface and type style requirements because it has been prepared in Microsoft Word using the proportionally-spaced typeface Times New Roman, in a 14-point font size in the body of the brief, and a 12-point font size in the footnotes.

The undersigned understands a material misrepresentation in completing this certificate, or circumvention of the length limitations in Federal Rule of Appellate Procedure 32(a)(7), may result in the Court striking the brief and imposing sanctions against the person signing the brief.

/s/Jason R. Anders
**Jason R. Anders**